## BURNS v. KINZER.
### No. 10404.

Circuit Court of Appeals, Sixth Circuit.

May 26, 1947.

W. O. Lowe, of Knoxville, Tenn., for appellant.

Frank J. McGhee, of Knoxville, Tenn., for appellee.

Before SIMONS, MARTIN, and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

At the time of the filing of his voluntary petition in the United States District Court for the Eastern District of Tennessee, the individual bankrupt, who is appellant, was plaintiff in an action pending in the state court, in which he claimed from his employer one thousand dollars as additional wages, liquidated damages, and an attorney-fee allowance under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Through alleged inadvertence or mistake of law and not through fraud or effort to conceal assets, so he says, he failed to list this claim in his schedules in bankruptcy.

On June 19, 1945, he petitioned for a reopening of the bankruptcy proceedings, asserting that should he recover a judgment against his employer he would realize more than enough money to pay all creditors. The cause was reopened and referred to the Referee in Bankruptcy by order of the district judge. On June 22, 1945, the bankrupt petitioned for permission to amend his schedules so as to include the claim, and prayed for the appointment of a new trustee to intervene as party plaintiff in the state court suit.

The Referee in Bankruptcy authorized the schedule amendment; and a trustee for the bankrupt's estate was appointed.

On September 13, 1945, the bankrupt petitioned that, in addition to the exemptions already allowed him of $25 for carpenter's tools and $50 for wearing apparel, he be allowed the exemption of the chose in action in the form of his claim against his employer, "owned and in his possession at the time of adjudication in bankruptcy"; that, in the event the claim should not have a value in excess of $375, he should be allowed that amount as exempt to him; and that, should the claim exceed in value $375, he should be allowed as exempt to him the first $375 realized from its sale. The trustee objected to the allowance of the additional exemption upon the grounds that the

claim was not an article within the meaning of the exemption laws of Tennessee, that the bankrupt failed to list it in his schedules filed more than two years before, that he did not claim the exemption in his petition for amendment of his schedules, and that the bankrupt had taken no seasonable exceptions.

The Referee entered on September 13, 1945, an order in which it was declared that "while the bankrupt might be entitled to exemption in *articles* of personal property, personal exemptions do not include $450 in cash," and that the bankrupt's objection to the sale of the chose in action against his employer should be overruled. It was further ruled in the order that, upon the statement of the trustee that he had an offer of $250 from a ,person present in the courtroom for the sale of the chose in action and upon the trustee's recommendation, the sale of that asset for $250 was ratified and approved. The attorney for the bankrupt excepted to the ruling of the Referee and, a few days later, filed a petition for review. The district judge, on February 9, 1946, entered an order taking the case under advisement after hearing argument of counsel; and, more than eight months later, entered an order confirming the referee's order of September 13, 1945, denying the claimed exemption.

■ We are not in accord with the ruling of the referee and the district judge. Exemptions under state law are given effect in bankruptcy. In the instant case, we look, therefore, to the law of Tennessee.

Section 7701 of the Code of Tennessee provides that a long list of enumerated personalty shall be exempt from execution, seizure, or attachment, in the hands or possession of heads of families who are *bona fide* permanent citizen-residents of Tennessee. The section further provides that: "In the event the head of the family does not own sufficient articles as above-enumerated to aggregate a total fair value of four hundred and fifty ($450.00) dollars, such head of the family may select and claim additional articles of personal property then owned and in his or her possession, sufficient with the enumerated articles to amount to said aggregate value." Section 15 of the same State Code unequivocally states that the words "personal property" include money, goods, chattels, things in action, and evidences of debt.

■ The language of the statute seems plainly to support the position of the bankrupt that his exemption extended to the inclusion of the value of his chose in action up to $450, less the $75 exemption set apart to him in the form of the value of clothing and the tools of his trade. The Court of Appeals of Tennessee held, in Sherwin-Williams Co. v. Morris, 25 Tenn.App. 272, 275, 156 S.W.2d 350, that there was nothing in the contention in a garnishment case that the defendant could not claim the exemption of money on deposit to his credit in a bank. The trustee's settlement of the chose in action for $250 converted it into money, to which the bankrupt is entitled as exempt to him under the Tennessee statutes to which reference has just been made.

As early as 1865, the Supreme Court of Tennessee, speaking through Judge Shackelford in Denny v. White, 42 Tenn. 283, 285, 287, 88 Am.Dec. 596, said with reference to the Tennessee exemption laws: "It is manifest, the object and purpose of the legislature was, to extend the benefit to the family. No one, unless he was the head of a family, was entitled to the benefit of the law. * * * The head of the family being protected in holding the property in possession, he holds it as a fund for the support and maintenance of those dependent on him, and they have an interest in the property thus secured from the debts of the head of the family. See Jones v. Williams, 2 Swan 105. This principle being admitted, it follows, he cannot waive his right, and permit a levy and sale of the property by execution. The language of the act is imperative. * * * The property exempt shall not be liable to seizure and sale by execution, and the head of the family cannot waive the right, as those dependent on him are under the protection of the law and secured in the enjoyment of the property. * * * They ought to be protected in the use of the little corn for bread, the horse for the plow, or the yoke of oxen to draw them wood for fire, and the other articles necessary for their comfort. Such, in our opinion, was the intention of the legislature in passing the sever-

al acts under consideration; *and in giving them a broad and liberal construction, we express and carry out the intention of the legislature."* [Italics supplied.]

In Mills v. Bennett, 94 Tenn. 651, 30 S. W. 748, 45 Am.St.Rep. 763, the Tennessee Supreme Court held that not only the head of a family, but a single person entitled to exemption, could not in contracting a debt waive the benefit of the exemption laws so as to confer upon his creditor the right, upon obtaining judgment for his debt, to levy execution over the debtor's objection upon exempt property. Such an agreement was deemed to be against public policy, and consequently void.

With respect to the right to exemptions under state law, the interpretation of the highest tribunal of the state is, of course, controlling. In re Baker, 6 Cir., 182 F. 392. And where the state court has not construed a state statute, the federal courts, left to their own views of state exemption statutes, give them a construction liberal to the debtor. Doethlaff v. Penn Mut. Life Ins. Co., 6 Cir., 117 F.2d 582, 584.

The order of the district court from which this appeal has been taken is reversed; and the cause is remanded, with direction that the sum of $250, collected by the trustee in bankruptcy from the settlement of the bankrupt's action against his employer under the Fair Labor Standards Act, be set apart and allowed as an exemption to the bankrupt.