OHIO BELL TELEPHONE COMPANY, APPELLEE, *v.* ANTONELLI, APPELLANT.

[Cite as Ohio Bell Tel. Co. *v.* Antonelli (1987), 29 Ohio St. 3d 9.]

(No. 86-908—Decided March 4, 1987.)

*Thomas A. Linton,* for appellee.

*Kalpana Yalamanchili* and *Thomas G. Bedall,* for appellant.

DOUGLAS, J.   The issue presented in this case is whether the proceeds of a workers' compensation award, having been paid to a claimant, are subject to attachment. We hold in the affirmative.

R.C. 2329.66, which establishes the statutory right to exempt property from attachment, provides in pertinent part:

"(A)   Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

"* * *

"(9)   The person's interest in:

"(a)   Moneys paid or payable for living maintenance or rights, as exempted by section 3304.19 of the Revised Code;

"(b)   *Worker's compensation, as exempted by section 4123.67 of the Revised Code;*

"(c)   Unemployment compensation benefits, as exempted by section 4141.32 of the Revised Code;

"(d)   Aid to dependent children payments, as exempted by section 5107.12 of the Revised Code;

"(e)   Poor relief payments, as exempted by section 5113.01 of the Revised Code. * * *" (Emphasis added.)

At the time pertinent herein, R.C. 4123.67 in relevant part provided:

"Except as otherwise provided in division (B)(1)(b) or (B)(2)(a)(ii) of section 3113.21 of the Revised Code, *compensation before payment shall be exempt from all claims of creditors and from any attachment or execution,* and shall be paid only to the employees or their dependents. * * *"[1] (Emphasis added.)

Under R.C. 2329.66, workers' compensation benefits are expressly exempt from attachment but only as limited by the provisions of R.C. 4123.67. R.C. 4123.67 expressly exempts workers' compensation benefits only *"before* payment" is made to a claimant. There is no exemption of benefits from attachment provided for under either statute *after* the award has been paid to the claimant.

In considering this difference, we note that exemption statutes such as

---

[1] The referenced sections of R.C. 3113.21 at the time relevant herein pertained to child support payments and are not pertinent to this case.

R.C. 2329.66 and 4123.67 are in derogation of the common-law rights of creditors. *Dennis* v. *Smith* (1932), 125 Ohio St. 120, 125, 180 N.E. 638, 640. Thus, as to any property or rights that are subject to attachment or execution, any claim by an individual for an exemption from the claims of his creditors must be based upon a statutory provision for such exemption. *Sherrow* v. *Brookover* (1963), 174 Ohio St. 310, 22 O.O. 2d 373, 189 N.E. 2d 90, paragraph two of the syllabus. The legislature has the exclusive authority to declare what property shall be exempt from the purview of collection laws. *Williams* v. *Donough* (1902), 65 Ohio St. 499, 503, 63 N.E. 84, 85. Here the legislature, pursuant to R.C. 4123.67, has provided for the exemption from collection of workers' compensation benefits "before payment" to a claimant, but not thereafter.

This construction of R.C. 4123.67 neither extends exemptions beyond the limits fixed by the legislature nor impinges upon the statutory rights of the debtor. Moreover, any construction or interpretation of R.C. 2329.66 that *would* serve to wholly exempt workers' compensation benefits from attachment would obviate the plain language of R.C. 4123.67. As a fundamental rule of statutory construction, these respective statutes must be reconciled and applied so as to render their contents operative and valid. *Thiel* v. *Allstate Ins. Co.* (1986), 23 Ohio St. 3d 108, 111, 23 OBR 267, 269-270, 491 N.E. 2d 1121, 1123.

Accordingly, we hold that workers' compensation benefits are not exempt from attachment after payment to a claimant.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HILDEBRANDT, WRIGHT and H. BROWN, JJ., concur.

HILDEBRANDT, J., of the First Appellate District, sitting for HOLMES, J.