**In re Timothy P. LUDE, Terrie A. Lude, Debtors.**

No. 01–62991.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 6, 2003.

J. William Merry, Esq., Zanesville, OH, for Debtors.

### OPINION AND ORDER ON TRUST-EE'S OBJECTION TO CLAIM OF EXEMPT PROPERTY

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of the trustee in bankruptcy to the debtors' amended claim of a homestead exemption in two (2) acres and a mobile home. The debtors responded and the Court heard the matter on December 13, 2002. Following that hearing, the debtors filed a memorandum in support of their opposition.

This Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(a) and the General Order of Reference en-

tered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

On November 2, 2001, debtors Timothy and Terrie Lude filed a joint petition for relief under Chapter 13. At that time, the debtors were residing in a home on five (5) acres at 42097 State Route 800 in Woodsfield, Ohio. They also owned two (2) acres and a mobile home at 35216 Harper Road in Woodsfield. The mobile home was then occupied by purchasers who were parties to an installment sale contract for the mobile home and land. Although there was no equity in the Route 800 property, the debtors nevertheless asserted a homestead exemption for that property pursuant to Ohio Revised Code § 2329.66(A)(1). The only claim of exemption made for the Harper Road property was the catch-all exemption of $400 available to each debtor for any property under Ohio Rev.Code § 2329.66(A)(18).

The purchasers of the Harper Road property defaulted on that obligation and moved out during the debtors' chapter 13 case. In the spring of 2002, the Ludes changed their residence to the mobile home on the Harper Road property because they were unable to afford the Route 800 property. Shortly thereafter, on May 3, 2002, the debtors converted their Chapter 13 case to Chapter 7. They then amended schedule C to claim a homestead exemption in the Harper Road property. The trustee has objected to that amended claim for a homestead exemption on the ground that the Harper Road property was not the debtors' residence at the time their chapter 13 case was filed and that any entitlement to such an exemption must exist at the time their petition was filed under chapter 13.

The issue before the Court is whether the debtors' exemption rights are determined only as of the date they filed their Chapter 13 petition or whether such claims may be amended to reflect changes in their circumstances after their initial filing, but prior to conversion.

With certain enumerated exceptions not relevant in this case, the identity of property included in a bankruptcy estate is determined at the commencement of the case. 11 U.S.C. § 541(a). The commencement of a voluntary bankruptcy case is the filing of the petition. 11 U.S.C. § 301. When a voluntary case is commenced by the filing of a petition under one chapter of the Bankruptcy Code, but later is converted to a case under another chapter of the Bankruptcy Code, that conversion does not change the date of the filing of the case or the date of its commencement. 11 U.S.C. § 348(a). Therefore, in this case the petition/commencement date is November 2, 2001.

The right to claim an exemption from property of the bankruptcy estate arises and is fixed in a voluntary case on the date the petition is filed. *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935 (8th Cir.1990). Changes in either a debtor's factual circumstances or the law after the petition date do not change the status of an exemption properly claimed as of the petition filing date. *Peterson* at 937–938.

The Court understands the policy arguments made by the debtors that chapter 13 filings are to be encouraged and that permitting amendments to exemptions in a converted chapter 13 case best reflects that policy. The facts of this case, however, are not about whether debtors can amend their claims of exemption in the chapter 7 phase of a converted case because such exemption claims were either omitted or erroneous as originally asserted. The facts of this case clearly establish that the debtors had no entitlement under Ohio law to a claim for a homestead exemption in the Harper Road property

when their case was filed. They were not living in that property in November 2001, and could not have intended to live there at that time because someone else resided in and was purchasing the property. This is a case where the facts which might give rise to a valid state law claim of exemption changed during the case. If such changed facts were permitted to serve as the basis for asserting an amended exemption claim, the reverse would also have to apply. That is, if a debtor had a properly claimed homestead exemption in real property when a case was filed and then moved, a trustee could argue that the exemption was no longer appropriate. Such a policy decision would make it impossible for debtors and their counsel to make informed decisions about potential bankruptcy filings.

The Court finds that the intentions and meaning of sections 301, 541(a), 522 and 348 of the Bankruptcy Code are clear and establish that the factual and legal right to claim an exemption from property of a bankruptcy estate is determined in a voluntary case as of the date the petition is filed. If the case later converts to a different chapter, the determinative date continues to be the original petition date. The effect of subsequent changed circumstances must be evaluated in connection with any decision to convert or dismiss and refile a chapter 13 case which has become unfeasible.

Based on the foregoing, the trustee's objection to the debtors' claim of exemption for the Harper Road property and mobile home under Ohio Revised Code § 2329.66(A)(1) is SUSTAINED. The exemption claimed under Ohio Revised Code § 2329.66(A)(18) has not been challenged.

**IT IS SO ORDERED.**