**In re Mark E. ANSPACH, Lark M. Anspach, Debtors.**

**George Leicht, Trustee, Plaintiff**

v.

**Mark E. Anspach, Lark M. Anspach, Edward C. Ahlers, Defendants.**

Bankruptcy No. 09–10614.
Adversary No. 09–1068.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Nov. 10, 2010.

---

George Leicht, Bethel, OH, for Plaintiff.

John W. Rose, Nicholas A. Zingarelli, Zingarelli Law Office, LLC, Cincinnati, OH, for Defendants.

### MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

JEFFERY P. HOPKINS, Bankruptcy Judge.

Plaintiff George Leicht, the chapter 7 trustee ("the Trustee"), is suing the Defen-

dants, joint Debtors Mark and Lark Anspach and the couple's workers' compensation attorney Edward Ahlers (collectively "the Defendants"), seeking to recover virtually all of the proceeds from the benefits awarded to the Anspachs by the Ohio Bureau of Workers' Compensation ("the Bureau").

The Trustee contends that most of the workers' compensation award is property of the bankruptcy estate under 11 U.S.C. § 541 which he is obligated to administer and distribute to creditors pursuant to 11 U.S.C. § 704. The Defendants strenuously oppose the lawsuit. They claim the worker's compensation benefits are exempt under Ohio Rev.Code § 2329.66(A)(9)(b).

This is an action for turnover pursuant to 11 U.S.C. §§ 542 and 543. Presently before the Court are cross-motions for summary judgment. See Docs. 17, 21 & 22. The parties entered stipulations on the facts considered relevant for the Court to make a determination in this proceeding. See Doc. 29. With appreciation for the professionalism of counsel, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052.

### FACTS

At the end of 2008, Mark and Lark Anspach retained Edward Ahlers, an attorney who specializes in Ohio workers' compensation law, to pursue a claim with the Bureau. After interviewing the couple and learning of the their debt problems, Ahlers referred them to bankruptcy counsel. At the time, Mr. Anspach had been unemployed for more than two years, the couple was behind on their mortgage payments and they were supporting themselves and two minor children on Mrs. Anspach's modest salary as a dental aide, in a job she had obtained only three months before the bankruptcy filing. In

Schedule I, Mr. Anspach stated that he was medically disabled, that his temporary workers' compensation award had ended in October, 2008, but that he had another "Workers comp claim pending." After visiting with bankruptcy counsel, the Anspachs decided to file for relief from their creditors under chapter 7.

On December 5, 2008, the couple's bankruptcy attorney informed attorney Ahlers of their decision to file for bankruptcy relief. During this conversation, bankruptcy counsel also advised Ahlers to hold any workers' compensation benefits, if awarded by the Bureau, until it was reviewed by the bankruptcy court. Six days later, the Bureau approved a settlement of the workers' compensation claim. In mid-January of 2009, the Bureau sent Ahlers a benefits check in the amount of $61,845.37. The check was not immediately presented for payment or deposited. Another two months would pass before Ahlers deposited the check into his attorney's trust account on March 18, 2009.

On February 10, 2009, within weeks of attorney Ahler's receipt of the benefits check, the Anspachs carried out their stated plans by filing for bankruptcy protection. Despite knowing that the benefits check for $61,845.37 had already arrived at Ahlers's law office, the Anspachs scheduled a workers' compensation claim on Schedule B with a value listed as "unknown." Also, on Schedule C, the Anspachs claimed an exemption for "100%" for "worker's compensation" pursuant to Ohio Rev.Code § 2329.66(A)(9)(b).

On March 17, 2009, the Trustee examined the Anspachs at the § 341 meeting of creditors. The following day, March 18, the Trustee filed a report of no distribution which stated, in relevant portion, the following:

Chapter 7 Trustee's Report of No Distribution: I, George Leicht, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that *I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law.*

See Case No. 09–10614 (virtual docket entry dated March 18, 2009) (emphasis added).

After learning of the Trustee's decision, Ahlers, on March 18, deposited the benefits check he'd previously been instructed to hold into his attorney's trust account.

On April 30, 2009, after he discovered these facts, the Trustee withdrew his report of no distribution in the case. See Case Doc. 15. The Trustee then filed a late objection to the exemption under Fed. R. Bankr.P. 4003(b), claiming that the majority of the proceeds from the Anspachs' workers' compensation award was property of the estate. See Case Doc. 42. The Trustee also filed an adversary complaint seeking turnover of the proceeds from the award to the bankruptcy estate under 11 U.S.C. §§ 542 and 543. At the combined hearing on the matters, the Trustee orally withdrew his objection to the exemption. However, the Trustee continued to assert that his complaint for turnover of substan-

tially all the proceeds from the workers' compensation award was meritorious.

### ANALYSIS

The Trustee contends that the Court should order the Defendants to turnover most of the proceeds from the $61,845.37 benefits check to the estate for distribution to creditors. The Defendants all argue strenuously that the workers' compensation payment is exempt under Ohio law and not property of the estate subject to the Trustee's administration authority.

■ Exemptions are determined as of the date of the bankruptcy filing. *In re Guikema,* 329 B.R. 607, 619 n. 8 (Bankr. S.D.Ohio 2005); *In re Lude,* 291 B.R. 109, 110 (Bankr.S.D.Ohio 2003). In this case, Ohio law governs the applicable exemptions. *See* 11 U.S.C. § 522(b)(2); Ohio Rev.Code § 2329.662.

A. Is the $61,845.37 exempt under Ohio Rev.Code § 2329.66(A)(9)(b)?

■ Ohio Rev.Code § 2329.66(A)(9)(b) exempts an interest in workers' compensation "as exempted by section 4123.67 of the Revised Code."[1] Ohio Rev.Code § 4123.67 provides that workers' compensation is exempt "before payment."[2] The Supreme Court of Ohio has interpreted § 4123.67 to mean that "workers' compensation benefits are not exempt from attachment after payment to a claimant." *See Ohio Bell Telephone Co. v. Antonelli,* 29 Ohio St.3d 9, 504 N.E.2d 717 (1987).

In *Antonelli,* a judgement creditor attached funds held on account in the debt-

---

1. Section 2329.66(A)(9)(b) provides:

    (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

    . . .

    (9) The person's interest in the following:

    . . .

    (b) Workers' compensation, as exempted by section 4123.67 of the Revised Code[.]

2. Section 4123.67 provides, in relevant part: "[C]ompensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to the employees or their dependents."

or's bank. The debtor argued that the funds in the account were exclusively proceeds from a worker's compensation award and were, therefore, exempt from attachment. In rejecting the debtor's argument, the Supreme Court of Ohio construed 4123.67 to mean that workers' compensation benefits are not exempt from attachment by creditors once the claimant receives payment of the benefits. *Id.* at 11, 504 N.E.2d 717.

The instant case is distinguishable from *Antonelli* because Mr. Anspach had not deposited his benefit check at the time of the bankruptcy filing. Thus, the critical question which must be answered in deciding this case is: Absent evidence of a deposit of an award, when did the Anspachs receive "payment" of the workers' compensation benefits under 4123.67?

We begin with the general proposition that with respect to the right to exemptions under state law, the interpretation of the highest tribunal of the state is controlling. *Burns v. Kinzer,* 161 F.2d 806, 808 (6th Cir.1947). However, where, as here, the state's highest court has not been called upon to construe a state statute under the precise fact pattern that we are now faced with, a federal bankruptcy court is left to its own views of the state exemption statute. *Id.*

In the case *sub judice,* the record demonstrates that, on February 10, 2010, the workers' compensation award had been delivered to the Anspachs, but the check had not been deposited into an account. As he had done since mid-January 2010, Ahlers, the Anspachs' workers' compensation attorney, was still holding the check he'd received from the Bureau representing the couple's award. The record is barren of any facts that suggest that Ahlers did this for any nefarious purpose. Rather, the evidence demonstrates that Ahlers did not negotiate the benefits check simply because he was following instructions given to him by bankruptcy counsel. Thus, we are left in this case with a scenario of when the bankruptcy case was filed, the debtors had already received delivery of the workers' compensation award, but simply had not deposited the benefits.

We can find no cases in Ohio applying the Ohio workers' compensation exemption statutes involving this same set of facts. Accordingly, the Court must attempt to construe the Ohio exemption statutes keeping in mind that workers' compensation benefits are not exempt from attachment after payment to a claimant. *Antonelli,* 29 Ohio St.3d at 11, 504 N.E.2d 717. In a related context, one Ohio appeals court has determined that "[w]hen payment is made by the bank ... the date of the payment is the date the check was delivered to the payee and not the date the check is cashed." *See Summit Mall, Inc. v. Guran,* 7 Ohio App.2d 53, 57, 218 N.E.2d 637 (Ohio Ct.App.1966); *accord* 60 Am. Jur. 2d Payment § 11 (collecting cases from other jurisdictions); 70 C.J.S. Payment § 22 (collecting cases from other jurisdictions).

Because the check in this case was later paid upon presentment, we conclude that "payment" to the Anspachs occurred upon delivery of the workers' compensation award prior to the bankruptcy filing. We note here, as did the Ohio Supreme Court in *Antonelli,* that "[a]ny other construction or interpretation of R.C. 2329.66 that would serve to wholly exempt workers' compensation benefits from attachment would obviate the plain language of R.C. 4123.67." *Id.* at 11, 504 N.E.2d 717 (emphasis in original). Therefore, we hold that the $61,845.37 is not exempt under Ohio Rev.Code 2329.66(A)(9)(b).

B. Is the $61,845.37 exempt under 11 U.S.C. § 522(*l*)?

Having determined that the benefits paid to the Debtors were not wholly ex-

empt under Ohio Rev.Code 4123.67, the Court must next decide if the award qualifies for an exemption under any other construction of the Ohio statutes or Bankruptcy Code.

The Defendants argue that the $61,845.37 is nonetheless exempt under 11 U.S.C. § 522(*l*) because Schedule C lists a 100% exemption for workers' compensation to which the Trustee does not object.

■ Section 522(*l*) provides: "Unless a party in interest objects, the property claimed as exempt on such list is exempt." If no one objects to an exemption, § 522(*l*) exempts the property even if the debtor had no colorable basis for claiming the exemption. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

■ The Trustee does not dispute that § 522(*l*) and *Taylor* give the Debtors an unlimited exemption for workers' compensation. Instead, the Trustee disputes the Defendants' assertion that the $61,845.37 check retained its status as workers' compensation.

The Trustee believes the asset ceased being workers' compensation and became cash once the Bureau delivered the check. Thus, the Trustee does not believe the Debtors possessed any "workers' compensation" when they filed their bankruptcy petition. According to the Trustee, the only exemption that applies to the $61,845.37 is a "cash" exemption under Ohio Rev.Code § 2329.66(A)(3).[3] The Debtors claimed a cash exemption on Schedule C, but only in the amount of $800.

The Trustee presents a novel issue under Ohio and bankruptcy law. As of the petition date, was the Bureau's check "workers' compensation"? The parties have not cited any authority that addresses this issue. The issue presented is one of first impression.

The Court finds Ohio Rev.Code §§ 4123.67 and 2329.66(A)(9)(b) to be instructive. Section 4123.67 exempts "compensation before payment."[4] This language suggests that "compensation" exists both before and after payment to a claimant. Otherwise, the statute unnecessarily includes the words "before payment." *See Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 513, 929 N.E.2d 448 (2010) ("[T]he court should avoid that construction which renders a provision meaningless or inoperative.... [S]ignificance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act."). Consistent with these principles, § 2329.66(A)(9)(b) permits a claimant to exempt an interest in "[w]orkers' compensation, as exempted by section 4123.67 of the Revised Code."[5] If workers' compensation ceases to exist upon payment, as the Trustee argues, then there would be no need for the phrase "as exempted by section 4123.67 of the Revised Code." To the contrary, § 2329.66(A)(9)(b) suggests that there is workers' compensation other than that exempted by § 4123.67.

Under this reading of the Ohio statutes, the $61,845.37 check constituted "workers' compensation" at the time of the bankruptcy filing even though the Debtors had already received payment. This interpretation is consistent with *Antonelli.* Simply

---

**3.** Ohio Rev.Code § 2329.66(A)(3) exempts "[t]he person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, other than personal earnings."

**4.** See note 2.

**5.** See note 1.

put, *Antonelli* dictates that Ohio Rev.Code § 4123.67 not be extended beyond the limits fixed by the legislature to include within the ambit of the exemption benefits that have already been paid to a claimant. *Antonelli,* 29 Ohio St.3d at 11, 504 N.E.2d 717. If anything, *Antonelli* consistently refers to workers' compensation under the same name before and after the claimant receives payment. In other words, workers' compensation retains its character after it is paid, but loses its protection from attachment afforded by Ohio Rev.Code § 4123.67. Accordingly, the asset in question, the benefits, continued to be compensation, and as such, was still subject to an unlimited exemption under § 522(*l*) because no one objected to the Debtors' "workers' compensation" exemption of 100%.[6]

▮ In reaching this conclusion, we adhere to the well established rule that exemptions are to be construed liberally in favor of debtors and "when it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *In re Chapman,* 424 B.R. 823, 826 (Bankr.E.D.Tenn.2010).

### CONCLUSION

For the foregoing reasons, the Plaintiff is not entitled to turnover. Accordingly, the Plaintiff's summary judgment motion shall be **DENIED** and the Defendants' summary judgment motions shall be **GRANTED.** The complaint shall be **DISMISSED.**

---

**6.** As mentioned, the Trustee filed an objection and later withdrew it. The Trustee's objection faced stiff opposition because it was not filed within 30 days of the close of the creditors' meeting. *See Taylor,* 503 U.S. 638, 112 S.Ct. 1644 (exemptions which are inappropriate may be sustained under § 522(*l*) if objection is not filed within the 30–day window imposed by Fed. R. Bankr.P. 4003(b)(1)). The Trustee noted that the schedules and the Debtors' testimony at the creditors' meeting failed to place him on notice, within the Rule 4003(b)(1) time-frame, of the Bureau's delivery of the check. Nevertheless, the Trustee still could have filed a timely objection as long as the objection was filed within 30 days of when he received actual notice of the Bureau's delivery of the check. *See e.g., In re Zimmer,* 154 B.R. 705, 709 (Bankr.S.D.Ohio 1993) ("[W]here a debtor's schedules are too ambiguous to ascertain exactly what property is claimed as exempt, the strict time constraints of *Taylor* are not applicable until the schedules have been clarified or the trustee is otherwise put on notice of the precise nature of the debtor's claim of exemption.").