**CITY OF CLEVELAND, Appellee,**

**v.**

**MATHIS, Appellant.**

[Cite as *Cleveland v. Mathis* (1999), 136 Ohio App.3d 41.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76470.

Decided Dec. 20, 1999.

*Ronald J. O'Leary,* Assistant City Prosecutor, for appellee.

*Kenneth J. Rexford,* for appellant.

DYKE, Presiding Judge.

Appellant, Trina Mathis, is appealing her conviction for loitering for the purpose of engaging in prostitution, a violation of Cleveland Codified Ordinances

619.11. For the following reasons, we reverse and vacate the judgment of conviction.

█ Appellant pled no contest to the violation of C.C.O. 619.11. On April 6, 1999, she was sentenced to one hundred eighty days in jail, one hundred thirty days suspended, with credit for twenty-five days served. A $250 fine was imposed, as well as eighteen months active probation. The ongoing probation is a sufficient disability to overcome any mootness challenge. *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 6, 511 N.E.2d 1138, 1142.

## I

Appellant's first assignment of error states:

"The trial court committed fatal error when it failed to dismiss the charge of violation of C.C.O. § 619.11, as this ordinance is facially unconstitutional and void for being impermissibly vague."

█ An ordinance is unconstitutionally vague if it does not give an ordinary person notice of what conduct was prohibited and/or if it gives the police unfettered discretion to make an arrest. *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 378, 618 N.E.2d 138, 142–143. In *Rowland,* the Ohio Supreme Court found that an Akron loitering ordinance was void for vagueness. That ordinance stated:

"(A) No person shall loiter in or near any thoroughfare, place open to the public, or near any public or private place in a manner and under circumstances manifesting the purpose to engage in drug-related activity contrary to any of the provisions of R.C. Chapter 2925.

"(B) Among the circumstances which may be considered in determining whether such purpose is manifested are:

"(1) Such person is a known unlawful drug user, possessor or seller * * *;

"(2) Such person is currently subject to a court order prohibiting his presence in a high drug activity geographic area;

"(3) Such person behaves in such a manner as to raise a reasonable suspicion that he is about to engage in or is then engaged in an unlawful drug-related activity, including, by way of example only, such person acting as a lookout or hailing or stopping cars;

"(4) Such person is physically identified by the officer as a member of a gang or association which has as its purpose illegal drug activity;

"(5) Such person transfers small objects or packages in a furtive fashion;

"(6) Such person takes flight or manifestly endeavors to conceal himself upon the appearance of a police officer;

"(7) Such person manifestly endeavors to conceal any object which reasonably could be involved in an unlawful drug-related activity;

"(8) Such person possesses any instrument, article, or thing whose customary or primary purpose is for the sale, administration, or use of controlled subjects [*sic*] * * *;

"(9) The area involved is by public repute known to be an area of unlawful drug use and trafficking;

"(10) The premises involved are known to the defendant to have been reported to law enforcement as a place of drug activity pursuant to R.C. Chapter 2925;

"(11) Any vehicle involved is registered to a known unlawful drug user, possessor, or seller, or a person for whom there is an outstanding warrant for a crime involving drug-related activity." Akron Codified Ordinance 138.26.

The Supreme Court found that A.C.O. 138.26 was unconstitutionally vague because the ordinance did not even require proof of the specific intent to engage in drug-related activity. A reasonable person could not figure out what constituted innocent loitering and criminal loitering, especially because most of the eleven circumstances to consider are in themselves legal acts. It was difficult to determine what a police officer would consider as circumstances manifesting a purpose to engage in drug activity. The eleven circumstances were only "among the circumstances which may be considered."

■ Case law decided prior to *Rowland* held that C.C.O. 619.11 and a similar ordinance C.C.O. 607.19 (Loitering for the Purpose of Engaging in Drug–Related Activity) were not void for vagueness or overbroad. See *Cleveland v. Howard* (1987), 40 Ohio Misc.2d 7, 532 N.E.2d 1325; *Cleveland v. Debose* (April 8, 1993), Cuyahoga App. No. 61870, unreported, 1993 WL 106950. We must determine whether, in light of the *Rowland* decision, the language of C.C.O. 619.11 is void for vagueness. See *Cleveland v. Stephens* (1994), 93 Ohio App.3d 827, 639 N.E.2d 1258, overruling *Debose, supra*. C.C.O. 619.11 states:

"No person shall remain or wander about in a public place and repeatedly beckon to, or repeatedly attempt to engage passersby in conversation, or repeatedly stop or attempt to stop motor vehicles, or repeatedly interfere with the free passage of other persons, for the purpose of engaging in, soliciting or procuring sexual activity for hire. The circumstances which may be considered in determining whether such purpose is manifested are: That such person is a known prostitute or panderer, repeatedly beckons to, stops, or attempts to stop, or engages passersby in conversation, or repeatedly stops or attempts to stop motor vehicle operators by hailing, waiving of arms or any other bodily gestures."

Unlike A.C.O. 138.26, C.C.O. 619.11 does require the element of specific intent. See *Stephens, supra,* 93 Ohio App.3d at 832, 639 N.E.2d at 1261–1262. A.C.O. 138.26 was found void for vagueness because it used the language "among the circumstances which may be considered." *Rowland, supra.* The word "among" indicates there were other circumstances to form the basis of an arrest and conviction, and the average citizen was not informed of these circumstances by the statutory language. *Id.* C.C.O. 619.11 states, "The circumstances which *may* be considered in determining whether such purpose is manifested are * * *."

█ In the context of statutory construction the word "may" will be construed as permissive, and "shall" mandatory, unless there appears a clear legislative intent that they be construed other than according to their ordinary meaning. *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534–535, 605 N.E.2d 368, 369–370. Factors other than those enumerated in the statute can be considered, so C.C.O. 619.11 is void for vagueness.

Accordingly, this assignment of error is sustained.

## II

Appellant's second assignment of error states:

"The trial court committed fatal error when it failed to dismiss the charge of violation of C.C.O. § 619.11, as this ordinance is facially unconstitutional and void for being overbroad."

█ *Rowland* decided that A.C.O. 138.26 was unconstitutionally overbroad because its potential application reached a significant amount of protected activity. *Rowland, supra,* 67 Ohio St.3d at 387, 618 N.E.2d at 148–149. See, also, *Stephens, supra,* 93 Ohio App.3d at 834, 639 N.E.2d 1258. C.C.O. 619.11 also prohibits conduct that may be innocent. Someone convicted of prostitution in the past year who repeatedly beckons people or vehicles is assumed to have the purpose of soliciting prostitution, when this might not be the case. The ordinance implicates a person's status or otherwise innocent behavior. C.C.O. 619.11 is unconstitutionally overbroad. Appellant's motion to dismiss should have been granted.

Accordingly, this assignment of error is sustained.

The decision of the trial court is reversed, and the conviction is vacated.

*Judgment reversed.*

Rocco and Kilbane, JJ., concur.