DISCIPLINARY COUNSEL *v*. MILLER.

[Cite as *Disciplinary Counsel v. Miller*, 126 Ohio St.3d 221, 2010-Ohio-3287.]

*Attorneys — Misconduct — Multiple violations of the Disciplinary Rules and the Rules of Professional Conduct — Indefinite license suspension.*

(No. 2009-2283 — Submitted February 17, 2010 — Decided July 20, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-050.

_____

**Per Curiam**.

{¶ 1} Respondent, Wayne Donald Miller of Columbus, Ohio, Attorney Registration No. 0058543, was admitted to the practice of law in Ohio in 1992. In June 2009, relator, Disciplinary Counsel, filed a complaint charging him with violations of the Code of Professional Responsibility, Ohio Rules of Professional Conduct, and Gov.Bar R. V(4)(G). The alleged violations arise from respondent's conduct in retaining $18,000 in client funds that he had been instructed to hold in trust, failing to submit a bill to the client for services rendered, failing to inform the client that he did not maintain professional-liability insurance, and failing to cooperate in the resulting disciplinary investigation. Although the complaint was served by certified mail on June 19, 2009, at the address respondent has registered with the Supreme Court of Ohio, he failed to file an answer. Therefore, in October 2009, relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 2} The board referred the matter to a master commissioner, who prepared a report for the board's review. The board adopted the master commissioner's findings of fact, conclusions that respondent had violated six disciplinary rules, seven Rules of Professional Conduct, and Gov.Bar R. V(4)(G),

and recommendation that we indefinitely suspend respondent from the practice of law. We agree that respondent committed professional misconduct as found by the board and that his conduct warrants an indefinite suspension.

**Misconduct**

{¶ 3} The board found that on August 1, 2005, the grievant hired respondent to represent him in a civil case. Respondent did not advise the grievant, at the initial consultation or during the course of his representation, that he did not carry professional-liability insurance. The grievant endorsed a $41,000 check to respondent and instructed him to distribute $18,000 to the grievant's girlfriend, keep $5,000 as a retainer, and hold the remaining $18,000 in trust. When the grievant fired respondent, he asked him to provide an accounting of his attorney fees and to return the $18,000 held in trust, but respondent did not comply.

{¶ 4} Respondent testified that he received a copy of the grievance, and that he failed to respond to relator's request for information. He also admitted that he (1) did not maintain a client trust account, (2) did not execute a written fee agreement when he agreed to represent the grievant, and (3) deposited the $41,000 he received from the grievant into his personal account and retained $23,000 of the money because he considered it to be "virtually earned." However, respondent also acknowledged that he was entitled to receive only $5,000 of that money upfront.

{¶ 5} Respondent promised to provide relator with information about the work he had performed in the grievant's case. But the summary he provided to relator did not itemize his billable activity by date or reflect the daily hours he spent on each task. It did, however, reveal that he had charged the grievant $6,750 on two separate occasions to review the same documents.

{¶ 6} When respondent failed to produce additional information he had promised relator, relator subpoenaed him for a second deposition. Although he

appeared at relator's office the morning of the deposition, respondent left before the deposition began.

{¶ 7} Based upon these factual findings, the board concluded that respondent's conduct before February 1, 2007, violated DR 1-102(A)(4) (prohibiting engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law), 1-104(A) (requiring a lawyer to disclose to the client that the lawyer lacks professional-liability insurance),[1] 2-106(A) (prohibiting a lawyer from charging or collecting an illegal or clearly excessive fee), 9-102(A) (requiring the preservation of the identity of client funds), and 9-102(B)(4) (requiring a lawyer to promptly pay or deliver funds and property that a client is entitled to receive).

{¶ 8} The board further concluded that respondent's conduct on or after February 1, 2007, violated Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), 1.15(a) (requiring a lawyer to hold property of clients separate from the lawyer's own property), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation).

---

1. Although both the complaint and the board report indicate that respondent violated "DR 2-104(A)" by failing to inform the client that he did not maintain professional-liability insurance, we note that it is DR 1-104(A) that prohibits that conduct.

**{¶ 9}** We accept the board's findings that respondent committed this misconduct.

## Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 11}** The board found that at least five of the nine aggravating factors set forth in BCGD Proc.Reg. 10(B)(1) are present, including (1) a dishonest or selfish motive, (2) lack of cooperation in the disciplinary process, (3) submission of false evidence or false statements or engaging in deceptive practices during the disciplinary process, (4) refusal to acknowledge the wrongful nature of his conduct, and (5) failure to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (e), (f), (g), and (i). In mitigation, the board found that respondent was admitted to the practice of law in 1992 and has no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a).

**{¶ 12}** We have imposed an indefinite suspension for similar misconduct. See, e.g., *Cleveland Metro. Bar Assn. v. Gottehrer,* 124 Ohio St.3d. 519, 2010-Ohio-929, 924 N.E.2d 825, ¶ 17-18 (imposing an indefinite suspension for an attorney who neglected client matters; failed to promptly comply with reasonable client requests for information; made agreements for, charged, or collected illegal or clearly excessive fees; failed to timely deliver funds or other property to a client; and failed to cooperate in a disciplinary proceeding); *Cuyahoga Cty. Bar*

*Assn. v. Wagner*, 113 Ohio St.3d 158, 2007-Ohio-1253, 863 N.E.2d 164, ¶ 14-15 (imposing an indefinite suspension for an attorney who failed to promptly refund unearned retainers and failed to cooperate in the resulting disciplinary investigation).

{¶ **13**} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction of an indefinite suspension. Accordingly, Wayne Donald Miller is indefinitely suspended from the practice of law in the state of Ohio. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Jonathan Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

_____