[Cite as *Hadassah v. Schwartz*, 197 Ohio App.3d 94, 2011-Ohio-5247.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC., | : | APPEAL NO. C-110046 TRIAL NO. EX-1000723 | |
| | : | | |
| Appellee, | : | | |
| | | *O P I N I O N.* | |
| v. | : | | |
| SCHWARTZ, | : | | |
| Appellant. | : | | |
| | : | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 14, 2011

Ulmer & Berne, L.L.P., Christopher J. Mulvaney, and Bradley D. Kaplan, for appellee.

Robert L. Schwartz, pro se.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Judgment debtor-appellant Robert L. Schwartz appeals the trial court's judgment denying his motion to quash and overruling his objections to a garnishment order, which permitted garnishment of Schwartz's property held in a law firm's IOLTA account to help satisfy a $2,292,469 judgment owed by Schwartz to judgment creditor-appellee Hadassah, The Women's Zionist Organization of America, Inc. ("Hadassah"). For the reasons stated below, we determine that Schwartz's appeal is without merit, and we affirm the judgment of the trial court.

{¶2}    Hadassah initiated this garnishment action in the Hamilton County Common Pleas Court on August 18, 2010.  In connection with the garnishment action, Hadassah sent a notice of garnishment pursuant to R.C. 2716.13 to the law firm Bieser, Greer & Landis, L.L.P. ("BG&L"), to collect $150,000 held in BG&L's IOLTA account. Hadassah knew that Schwartz, at its request, had placed $150,000 in trust with BG&L during ongoing settlement talks between the parties, but settlement had not been reached.

{¶3}    BG&L answered in the garnishment action and acknowledged that it held $150,000 of Schwartz's property in an IOLTA account.  BG&L, on behalf of itself as garnishee and on behalf of Schwartz, filed objections to the garnishment order and later filed a motion to quash the order.  BG&L and Schwartz argued that the funds in the IOLTA account represented a retainer for ongoing legal services involving Schwartz and that professional-conduct rules mandated that the funds stay in the account until resolution of the dispute between Hadassah and Schwartz.  BG&L and Schwartz further argued that public policy forbade garnishment of the funds.  Hadassah opposed the motions, arguing that Schwartz's funds were not exempt from garnishment.

2

**{¶4}** After a hearing, the trial court overruled BG&L's and Schwartz's objections. The trial court subsequently denied their motion to quash, and this appeal from both rulings ensued.

**{¶5}** In his sole assignment of error, Schwartz contends that the trial court erred by ordering garnishment of Schwartz's funds in BG&L's IOLTA account because those funds had been designated as a retainer for legal services and were no longer being held for settlement purposes.

**{¶6}** In a garnishment action, a creditor proceeds to satisfy a debt owed to that creditor by collecting a debtor's property in the possession of a third person, called the garnishee. *In re Estate of Mason*, 109 Ohio St.3d 532, 2006-Ohio-3256, 849 N.E.2d 998, ¶ 18, citing *Union Properties, Inc. v. Patterson* (1944), 143 Ohio St. 192, 195, 54 N.E.2d 668. As explained in the garnishment statutes, R.C. 2716.01 et seq., "[a] person who obtains a judgment against another person may garnish the property, other than personal earnings, of the person against whom judgment was obtained, if the property is in the possession of a person other than the person against whom judgment was obtained, only through a proceeding in garnishment and only in accordance with this chapter." R.C. 2716.01(B).

**{¶7}** A debtor's funds generally are not exempt from garnishment merely because the funds are placed with an attorney. *Invest. Research Inst., Inc. v. Sherbank Marketing, Inc.* (1998), 134 Ohio App.3d 478, 483, 731 N.E.2d 690.

**{¶8}** Ohio law authorizes Hadassah to enforce its judgment against Schwartz by collecting Schwartz's property in the possession of BG&L. BG&L asserted in its answer that the money Schwartz had paid to BG&L had been deposited in an IOLTA account and that the funds served as a retainer for legal services. Neither BG&L nor Schwartz

produced the alleged retainer agreement, and nothing in the record indicates that BG&L acquired an ownership interest in the retainer or that the retainer was nonrefundable.

{¶9}    The Ohio Rules of Professional Conduct mandate that property belonging to a client or third party be kept in a client's trust account and that property belonging to an attorney be kept separate from a client's property.  Prof.Cond.R. 1.15; *Disciplinary Counsel v. Miller*, 126 Ohio St.3d 221, 2010-Ohio-3287, 932 N.E.2d 323, ¶ 8.  BG&L kept Schwartz's $150,000 retainer in an IOLTA account, which indicates that, at that specific point in time, Schwartz, and not BG&L, retained the ownership rights over the $150,000 retainer.  Therefore, the retainer was property subject to garnishment under R.C. 2716.01.

{¶10}  Property of a debtor otherwise subject to garnishment by creditors may be exempt from garnishment as provided in R.C. 2329.66.  If a debtor claims an exemption from garnishment, the debtor must point to a specific statutory exemption.  *Ohio Bell Tel. Co. v. Antonelli* (1987), 29 Ohio St.3d 9, 11, 504 N.E.2d 717.  Property in the form of an attorney-fee retainer does not appear in the somewhat lengthy list of exempted property in R.C. 2329.66.  Therefore, Schwartz has not met his burden to show that the $150,000 retainer was exempt from garnishment by Hadassah.

{¶11}  Even though none of the statutory exemptions from garnishment apply to the attorney-fee retainer paid by Schwartz to BG&L, Schwartz makes several equitable arguments in an attempt to avoid garnishment.  Schwartz argues that "[p]arties should * * * be able to prepare for protracted litigation by adequately funding their legal defense and trusting that the funds will be secured as anticipated."  Schwartz contends that garnishment of BG&L's IOLTA account deprived him of representation and that this deprivation was unfair in the absence of evidence that Schwartz had engaged in collusion

or concealment to avoid garnishment. Schwartz also argues that public policy forbids the "gamesmanship" employed by Hadassah where, as Schwartz alleges, Hadassah had demanded that Schwartz place $150,000 in BG&L's custody during settlement negotiations, with the intent that settlement would not take place.

**{¶12}** Schwartz's equitable arguments fail. Schwartz's accusation that Hadassah engaged in bad-faith settlement tactics is without support in the record. As to the other equitable arguments, garnishment is a purely statutory procedure, and we are not in the position to create exemptions to the garnishment statute. See *Ohio Bell Tel. Co.*, 29 Ohio St.3d at 11, 504 N.E.2d 717 ("The legislature has the exclusive authority to declare what property shall be exempt from the purview of collection laws").

**{¶13}** Although we sympathize with Schwartz's argument that garnishment of an IOLTA account might deprive a client of legal representation, a client in Schwartz's position could avoid this result by reaching a representation agreement with the attorney that gives the attorney an ownership interest in some or all of the legal fee upon receipt, so long as the agreement was not used as a tool to evade garnishment and did not place the attorney in the position of receiving an excessive fee. See Prof.Cond.R. 1.5. And if the legislature wishes to add attorney-retainer fees to the list of exemptions under R.C. 2329.66, it can do so.

**{¶14}** Schwartz also relies on several provisions of Ohio's Uniform Commercial Code governing secured transactions to argue that BG&L had a superior interest to that of the creditor Hadassah in the $150,000 retainer held in the IOLTA account. Secured-transactions principles do not apply in this case, because neither BG&L nor Schwartz produced the representation agreement, and so there is no evidence of a written document creating a security interest in the funds. Thus, the record does not show that BG&L and

Schwartz created a security interest. See *Silver Creek Supply v. Powell* (1987), 36 Ohio App.3d 140, 144, 521 N.E.2d 828 ("A security interest will be found to have been created where there is a written document which sufficiently evidences the parties' intent to create a security interest"). Schwartz also admits that his secured-transaction argument was not presented to the trial court. Schwartz cannot raise that argument for the first time on appeal. See *Effective Shareholder Solutions, Inc. v. Natl. City Bank*, 1st Dist. Nos. C-080451 and C-090117, 2009-Ohio-6200, 2009 WL 4269869, ¶ 18, citing *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 34.

{¶15} In conclusion, we determine that the trial court did not err in ordering garnishment of Schwartz's funds in BG&L's IOLTA account. We overrule the assignment of error, and we affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.