[Cite as *In re A.B.*, 2020-Ohio-3904.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: A.B., a minor child. | : | APPEAL NOS. C-190327 |
| | | C-190328 |
| | : | C-190329 |
| | | TRIAL NOS. 18-0841 |
| | | 19-0817 |
| | : | 19-1119 |
| | : | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Appeals Dismissed

Date of Judgment Entry on Appeal:  July 31, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Appellant A.B.

**CROUSE, Judge.**

{¶1}   A.B. appeals from judgments of the Hamilton County Juvenile Court that adjudicated her delinquent for violating the rules of probation and engaging in conduct which, if it had been engaged in by an adult, would have constituted two charges of grand theft.  For the reasons set forth below, we dismiss these appeals.

### *Facts and Procedure*

{¶2}   In the case numbered 18-0841, A.B. admitted to violating the rules of her probation by leaving Hamilton County.  In the cases numbered 19-0817 and 19-1119, A.B. admitted to two counts of grand theft in Warren County.  The Warren County cases were transferred to Hamilton County for disposition.

{¶3}   A disposition hearing was set for February 26, 2019.  At the February 26 hearing, the magistrate heard from the Hamilton County Department of Probation.  The probation officer stated that the case was being evaluated for out-of-home placement and recommended A.B. be taken into custody pending disposition.  Based on the Warren County adjudications and a psychological report prepared by the Hamilton County Department of Probation, the magistrate found sufficient grounds for detaining A.B.  The magistrate then continued all of the cases to March 12, 2019, for disposition.

{¶4}   Before the February 26 hearing concluded, counsel for A.B. informed the magistrate that she was unaware of the psychological report and orally requested a copy.  The magistrate denied counsel's request, but told counsel that the report would be made available to her.  Counsel reviewed the psychological report after the hearing.

{¶5}   At the March 12 hearing, the probation officer recommended residential placement at Miami Valley Juvenile Rehabilitation Center.  Based on the

probation officer's recommendation, counsel for A.B. requested a short continuance. The magistrate granted the continuance and reset the disposition hearing for March 14, 2019. At the conclusion of the March 12 hearing, counsel filed a written "Request to Release Psychological Report" to the juvenile court.

{¶6} At the March 14 hearing, the magistrate denied A.B.'s "Request to Release Psychological Report." Following arguments from both parties, the magistrate placed A.B. on probation and ordered her to complete the residential program at Miami Valley Juvenile Rehabilitation Center as a condition of probation. The trial court adopted the magistrate's decision over A.B.'s objections. This timely appeal followed.

{¶7} A.B. raises three assignments of error in this appeal:

1. The juvenile court erred as a matter of law and violated R.C. 2317.39 by considering a psychological evaluation without providing notice of the report or making its contents available to the parties prior to its use on February 26, 2019.

2. The juvenile court erred as a matter of law in denying A.B. a copy of her psychological evaluation completed and utilized by the court in imposing A.B.'s disposition.

3. The juvenile court violated A.B.'s right under the Sixth Amendment to effective assistance of counsel by refusing to grant A.B.'s counsel a copy of the psychological evaluation.

Thus, A.B. generally contends that the juvenile court erred by denying her request for a physical copy of the Hamilton County Department of Probation's psychological evaluation.

### *Law and Analysis*

{¶8} The duty of an appellate court is to decide actual controversies between parties by a judgment that can be carried into effect. *Schwab v. Lattimore*, 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 10 (1st Dist.); *Miner v. Witt*, 82 Ohio St. 237, 238, 92 N.E. 21 (1910). It is not the duty of an appellate court to render an advisory opinion on a moot question or to rule on a question of law that cannot have any practical legal effect upon the case. *Miner* at 238; *State v. Carr*, 1st Dist. Hamilton No. C-140172, 2015-Ohio-2529, ¶ 9 ("We have no duty to decide an assignment of error that is moot in the sense that the court cannot provide the appellant with any meaningful relief."). Therefore, "when circumstances prevent an appellate court from granting relief in a case, the mootness doctrine precludes consideration of those issues." *Schwab* at ¶ 10.

{¶9} On appeal, A.B. does not challenge the delinquency adjudications or the disposition. In fact, A.B.'s appellate brief expressly states: "A.B. is not appealing the disposition ordered by juvenile court. Rather, this appeal concerns the procedure by which the juvenile court proceeded in disposition." In her request for relief, A.B. asks us to rule on "the appropriate use and release of psychological evaluations of youth utilized by the juvenile court in making detention or dispositional decisions." Due to the limited nature of her argument, we cannot render a judgment that would grant any meaningful relief to A.B. Any opinion regarding the juvenile court's dispositional decisions would be advisory in nature. Therefore, the mootness doctrine precludes our consideration of the issues raised by A.B. on appeal.

{¶10} A court may hear an otherwise moot case where the issues are capable of repetition, yet evading review. *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, 902 N.E.2d 976. However, the issues raised by A.B.

4

do not evade review. The juvenile court in this case placed A.B. on probation and ordered her to complete the residential program at Miami Valley Juvenile Rehabilitation Center as a condition of probation. Although A.B. was released from Miami Valley Juvenile Rehabilitation Center in October 2019, a review of the record shows that she remains on probation. A.B. also acknowledged in her appellate briefs that she remains on probation. Because A.B. remains on probation, she was not precluded from challenging the disposition on appeal. *See Lakewood v. Papadelis*, 32 Ohio St.3d 1, 6, 511 N.E.2d 1138 (1987); *Cleveland v. Mathis*, 136 Ohio App.3d 41, 43, 735 N.E.2d 949 (8th Dist.1999); *State v. Baumgardt*, 5th Dist. Fairfield No. 02CA7, 2002-Ohio-4662, ¶ 7. Rather, she chose not to. Therefore, there is no justification to issue an advisory opinion regarding the juvenile court's denial of her request for a copy of the psychological evaluation.

### *Conclusion*

{¶11} Because A.B. did not allege a justiciable controversy, we lack jurisdiction over this case and must dismiss the appeals.

Appeals dismissed.

**MOCK, P.J.**, and **ZAYAS, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.