[Cite as *Gauthier v. Gauthier*, 2022-Ohio-1514.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SU KANG GAUTHIER, | : | APPEAL NO. C-210298 |
| | | TRIAL NO. EX2000644 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| FORREST GAUTHIER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: May 6, 2022

*Robert A. Klingler Co., L.P.A.,* and *Robert A. Klingler*, for Plaintiff-Appellee,

*Thomas E. Grossmann*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   This is an appeal from the trial court's judgment in a garnishment action in which plaintiff-appellee Su Kang Gauthier ("Su") sought to execute on a judgment that she had obtained against defendant-appellant Forrest Gauthier ("Forrest"). We consider whether the trial court erred in failing to find that Forrest had already satisfied the judgment by setting it off against a separate debt that Forrest alleged Su owed to him.

{¶2}   While Su may in fact owe Forrest a separate debt, he may not collect that debt by offsetting it in a garnishment proceeding. We find no error in the trial court's failure to find that Forrest had already satisfied Su's judgment, and we affirm the trial court's judgment.

### *The Garnishment Proceedings*

{¶3}   Forrest and Su were divorced in 2009, and they have been involved in litigation related to their divorce since that time. This appeal involves Su's execution on a judgment that she obtained against Forrest in the Warren County Common Pleas Court for $54,356.50.

{¶4}   Su certified the Warren County judgment in Hamilton County and filed a garnishment action to execute on the judgment. In an affidavit of garnishment, Su alleged that garnishee Stephen R. Hunt and Aronoff, Rosen & Hunt, LPA, held funds belonging to Forrest and that Su had obtained a judgment against Forrest in the amount of $54,356.50, that with accrued interest had grown to $60,245.16.

{¶5}   Forrest, as the judgment debtor, filed a request for a hearing. The garnishee filed an answer stating that it would continue to hold Forrest's funds in escrow pending resolution of Forrest's requested hearing.

{¶6} Forrest subsequently filed a motion to continue the garnishment hearing pending resolution of a previously filed case in Warren County, in which Forrest sought to recover approximately $200,000 that Su owed to him for patent fees he paid under the terms of a Full Text Separation Agreement ("FTSA") that had been incorporated into the parties' divorce decree. The motion for a continuance stated that Forrest had filed a motion in the Warren County case to deposit the funds subject to the Hamilton County garnishment proceedings with the Warren County Clerk of Courts, and that the amount owed by Su to Forrest "eclips[ed] the value of the civil judgment she seeks to collect under the garnishment action." Su opposed Forrest's motion. The trial court granted Forrest's motion and continued the hearing.

{¶7} Subsequently, a garnishment hearing was held. Forrest argued that because the Warren County court had not yet ruled on Forrest's motion to deposit the escrowed funds with the Warren County Clerk of Courts, the Hamilton County magistrate did not have jurisdiction over the action. Forrest additionally argued that Su owed Forrest money for the patent fees that she was obligated to pay under the terms of the FTSA, and that Forrest had already satisfied Su's judgment by crediting the judgment against the debt that Su owed to Forrest.

{¶8} The magistrate was not persuaded by Forrest's jurisdictional argument. At the conclusion of the hearing, he stated:

> I have a valid judgment from the Warren County Court of Common
> Pleas that is on the books, not stayed, not subject to any order staying
> or precluding execution. I have a proper certification of that judgment
> to Hamilton County. I have a proper garnishment of a Hamilton County
> business holding funds that belong to the judgment debtor. That's all I

3

think I can consider, and in consideration of those [i]ncontrovertible facts, conclude that this Court does have jurisdiction to proceed.

The magistrate issued a decision granting Su an order of garnishment in the amount of the applicable judgment and overruling Forrest's objections to the garnishment.

{¶9} Forrest filed objections to the magistrate's decision, arguing that the Warren County case filed by Forrest had jurisdictional priority over the issue, depriving the Hamilton County court of subject-matter jurisdiction. He additionally argued that he had already satisfied Su's judgment by crediting it against the debt that Su owed him for patent fees under the FTSA.

{¶10} Su filed a memorandum in opposition to Forrest's objections. She argued that Forrest could not set off her judgment by applying it to a separate debt that she owed to him because Forrest had no judgment determining that Su, in fact, owed him money or setting forth the amount of Su's debt. Su attached to her memorandum a decision from the Warren County Court of Common Pleas in the case that Forrest argued had jurisdictional priority. That decision denied Forrest's request for leave to amend his counterclaim to set forth a claim for monies owed by Su to Forrest for patent fees under the FTSA.

{¶11} Along with a reply in support of his objections, Forrest filed two affidavits in which he set forth Su's obligations concerning patent fees under the FTSA and stated that he had paid the judgment subject to the garnishment proceedings by crediting it or setting it off against the debt that Su owed to him under the FTSA. He attached to one of the affidavits an invoice that he had sent to Su in which he had credited her judgment against her debt to Forrest. She never paid this invoice. Neither Forrest nor Su filed a satisfaction of judgment establishing that the judgment in favor

4

of Su had, in fact, been satisfied. Rather, it remained unsatisfied and subject to the certification, despite Forrest's attempt to take it out of money allegedly owed to him.

{¶12} The trial court overruled Forrest's objections and adopted the magistrate's decision. It also issued an order for disbursement of the garnished funds. Forrest appealed the trial court's judgment and filed a motion in the trial court to stay enforcement of the judgment pending appeal. The trial court denied the motion to stay. After Su filed a motion to find the garnishee in contempt for failing to disburse the garnished funds, the garnishee disbursed the funds and Su withdrew the contempt motion.

### No Error in Ordering Garnishment of Funds

{¶13} In his first assignment of error, Forrest argues that the trial court erred in ordering the garnishee to remit funds to Su in payment of an already satisfied judgment.

{¶14} Before considering the merits of Forrest's argument, a brief discussion of the garnishment procedure is instructive. In a garnishment action, a creditor satisfies a debt owed to the creditor by a debtor by collecting the debtor's property that is in the possession of a third person, the garnishee. *Hadassah, The Women's Zionist Org. of Am., Inc. v. Schwartz,* 197 Ohio App.3d 94, 2011-Ohio-5247, 966 N.E.2d 298, ¶ 6 (1st Dist.). A garnishment is a statutory proceeding, "and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Berns Custom Homes, Inc. v. Johnson*, 8th Dist. Cuyahoga No. 107943, 2019-Ohio-3890, ¶ 11, quoting *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, 919 N.E.2d 219, ¶ 11 (10th Dist.). Ohio's garnishment statutes are contained in R.C. Chapter 2716, and provide that a creditor may attempt

5

to garnish either personal earnings of the debtor, or property of the debtor other than personal earnings. R.C. 2716.01. In this case, Su sought to garnish property other than personal earnings. R.C. 2716.11 concerns the commencement of this latter type of garnishment proceeding, and provides that:

A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following:

(A) The name of the judgment debtor whose property the judgment creditor seeks to garnish;

(B) A description of the property;

(C) The name and address of the garnishee who may have in the garnishee's hands or control money, property, or credits, other than personal earnings, of the judgment debtor.

{¶15} Once the garnishment proceeding has been initiated, the matter must be set for a hearing and notice must be given to the garnishee and judgment debtor. R.C. 2716.13. R.C. 2716.13(C) provides that a judgment debtor has the right to dispute the garnishment of her or his property and sets forth the parameters of the type of challenge or objection that may be raised. It provides that:

NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING. If you request a hearing, the hearing will be limited to a consideration of the amount of your money, property, or credits, other than personal earnings, in the possession or

control of the garnishee, if any, that can be used to satisfy all or part of the judgment you owe to the judgment creditor.

R.C. 2716.13(C)(10).

{¶16} In this case, Su commenced the garnishment proceeding in accordance with R.C. 2716.11, and the garnishment hearing was held pursuant to R.C. 2716.13. At that hearing, Forrest argued that Su was not entitled to garnish his funds held in escrow by the garnishee because he had already satisfied her judgment by setting it off against the separate debt that she owed to him under the FTSA. We first note that by claiming the judgment was satisfied in the absence of a filed satisfaction of judgment, Forrest is in fact objecting to the judgment itself. He is objecting to the continued enforceability of the judgment, in effect claiming it is no longer outstanding. But even if we accept the argument that he is not objecting to the judgment, but rather challenging the amount of his money held by the garnishee that could be used to satisfy Su's judgment, and not the underlying judgment itself, we reach the same result. In such a case, while his argument as to setoff would not be prohibited by R.C. 2716.13(C)(10), it nonetheless fails.

{¶17} On appeal, Forrest raises the same argument to challenge the trial court's order that the garnishee remit funds to Su—that he has already satisfied Su's judgment by setting it off against her patent-fee debt, resulting in a reduction of the debt that Su owes to him.

{¶18} A setoff is "that right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts by way of mutual deduction." *Chickerneo v. Soc. Natl. Bank,* 58 Ohio St.2d 315, 318, 390 N.E.2d 1183 (1979), quoting *Witham v. S. Side Bldg. & Loan Assn.,*

133 Ohio St. 560, 562, 15 N.E.2d 149 (1938). It can also be explained as "a defendant's counter-demand against the plaintiff, arising out of a transaction wholly separate or independent of the litigated claim, which the judgment-debtor has a right to apply towards the judgment awarded to the plaintiff." *O'Brien v. Ohio State Univ.*, 10th Dist. Franklin No. 06AP-946, 2007-Ohio-4833, ¶ 87.

**{¶19}** Despite his assertion that he satisfied Su's judgment, Forrest never obtained an entry of satisfaction of judgment. *See 1st Natl. Fin. Serv. v. Ashley*, 10th Dist. Franklin No. 16AP-18, 2016-Ohio-5497, ¶ 19, quoting *Edwards v. Passarelli Bros. Auto. Serv., Inc.*, 8 Ohio St.2d 6, 221 N.E.2d 708 (1966), paragraph one of the syllabus ("A party who is entitled to an entry of an order of satisfaction of a judgment previously rendered against him may obtain an order for such entry *on motion* and proof of payment." (Emphasis sic.)). Further fatal to Forrest's argument that he satisfied Su's judgment by setting it off against her separate debt owed to him is that Forrest has not obtained a formal judgment in his favor setting forth an exact amount of money that Su owes him for patent fees under the FTSA. While he attempted to secure such a judgment in Warren County, he has not yet secured it.

**{¶20}** In this case, to show that he has satisfied Su's judgment, Forrest has presented the terms of the FTSA setting forth Su's obligation and his affidavit stating that Su owes him patent costs and that he paid the judgment subject to the garnishment proceedings by setting it off against the debt that Su owed to him under the FTSA. Forrest also submitted an invoice that he had sent to Su in which he had credited her judgment against her debt to him. Su has not paid this invoice.[1]

---

[1] As to Forrest's argument that Su has recovered twice, once through the garnished funds and again through his credit, since she has not paid Forrest what she allegedly owes, nothing in this opinion precludes him from seeking the full amount without any credit.

{¶21}  Essentially, the record establishes that the trial court had a judgment in favor of Su and a certification of judgment that gave Su the right to collect.  It did not have any satisfaction of judgment or competing judgment in favor of Forrest.  All it had was an enforceable order and contract arguably obligating Su to pay, without any judicial determination of the amount owed.  And this garnishment action was not the appropriate proceeding to conduct a trial to determine the amount of money that Su owed under a separate contract.

{¶22}  On this record, in the absence of an entry of satisfaction of judgment or separate judgment or stipulation from Su setting forth the specific amount of Su's debt, the trial court did not err in finding that the judgment had not been previously satisfied by set off and in ordering the garnishee to remit the funds to Su.  The first assignment of error is overruled.

{¶23}  In his second assignment of error, Forrest argues that the trial court erred when it ignored Forrest's obligation to set off Su's existing patent-cost debt against the judgment subject to the garnishment as was required by the parties' divorce decree and FTSA.

{¶24}  Forrest relies on Section 7.9(b) of the FTSA, which provides in relevant part that "any Patent Costs must be satisfied before any other payments shall be made by Forrest to Su under this agreement."  We find this argument to be without merit for the same reasons set forth in our resolution of Forrest's first assignment of error.  Forrest had no judgment setting forth the amount that Su owes for patent costs.  Nor did he have a stipulation from Su agreeing that she owes a certain amount.  In the absence of either such a judgment or stipulation setting forth the exact amount of Su's patent-cost debt, we cannot find that the trial court erred in failing to rely on this

9

provision to find that Forrest had an obligation to set off Su's judgment against any patent-cost debt.

**{¶25}** The second assignment of error is accordingly overruled.

### *Challenge to Failure to Stay is Moot*

**{¶26}** In his third assignment of error, Forrest argues that the trial court erred in failing to stay execution of its judgment.

**{¶27}** As an appellate court, our duty is to decide an actual controversy between the parties and to render a judgment that can be carried into effect. *In re A.B.*, 1st Dist. Hamilton Nos. C-190327, C-190328 and C-190329, 2020-Ohio-3904, ¶ 8. "It is not the duty of an appellate court to render an advisory opinion on a moot question or to rule on a question of law that cannot have any practical legal effect upon the case." *Id.* Based on our resolution of the first two assignments of error, in which we found that the trial court did not err in ordering disbursement of the garnished funds, a finding by this court that the trial court erred in failing to stay execution of its judgment would have no practical legal effect upon the case. We therefore find that the mootness doctrine precludes our review of this assignment of error. *See id.* at ¶ 9.

### *Conclusion*

**{¶28}** Having found the assignments of error raised by Forrest to be either moot or without merit, we affirm the trial court's judgment.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur**.**

Please note:
The court has recorded its own entry on the date of the release of this opinion.